

**Joshua Feinstein**
Partner
Direct Dial: 716.848.1318
Direct Facsimile: 716.819.4715
jfeinste@hodgsonruss.com

January 9, 2015

*Via Electronic Court Filing*

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    <u>Espinoza v. Wanrong Trading Corp., 13 Civ. 1727 (FB) (RML)</u>

Dear Judge Block:

        We are writing this joint letter as counsel for the plaintiffs and defendants respectively to apprise the Court of an issue that could be construed to affect the validity and enforceability of the Court's Order granting final approval of the class settlement in this matter. Since the parties are unable to reach an agreement concerning the appropriate means of addressing this issue, we have set forth each of our positions below. We are hopeful that the Court can assist us with resolving these issues without the parties' filing formal motions. But, if necessary, we also ask that the Court treat this letter as a request for pre-motion conference in accordance with Your Honor's motion practice rules.

## Background

        This is a wage-and-hour collective and class action arising under the Fair Labor Standards Act and the New York Labor Law. On December 23, 2014, the Court granted an Order approving the plaintiffs' Final Approval of the Class Action Settlement. (Docket No. 33) (the "Final Approval Order"). To comply with the Settlement Agreement, the defendants must make the Gross Settlement Payment no later than January 16, 2015. (Docket 30-1, Ex. A at ¶3.1(B) and (C)).

        On January 7, 2015, the defendants advised the plaintiffs of an issue arising under the Class Action Fairness Act of 2005 that arguably could be construed to affect the validity and enforceability of the Final Approval Order. The defendants are otherwise ready and willing to proceed with funding the Gross Settlement Payment and complete the settlement. But, given the issue that has been identified, the defendants are concerned that there may be a significant risk that the parties' settlement, as previously approved by the Court, may not be fully valid and enforceable.

        Despite extensive good-faith discussions, the parties have been unable to reach a mutually agreeable resolution of this issue

*The Guaranty Building* ♦ *140 Pearl Street* ♦ *Suite 100* ♦ *Buffalo, New York 14202-4040* ♦ *telephone 716.856.4000* ♦ *facsimile 716.849.0349*

*Albany* ♦ *Buffalo* ♦ *New York* ♦ *Palm Beach* ♦ *Saratoga Springs* ♦ *Toronto* ♦ *www.hodgsonruss.com*

Hon. Frederic Block
January 9, 2015
Page 2



**Defendants' Position**

*CAFA's Notice Provisions*

Under 28 U.S.C. § 1715(b), once a proposed settlement of a class action is filed with the Court, notice of the settlement and other specified information must be given both to an "an appropriate Federal official" and "an appropriate State official" in each state where a class member resides.[1] Many of the provisions of CAFA apply only to class actions meeting certain diversity requirements and amount-in-controversy thresholds. *See* 28 U.S.C. § 1332(d). The notice provisions under 28 U.S.C. § 1715(b) could arguably be construed, however, to have broader application, including application to wage and hour matters such as the present action. *See* 28 U.S.C. § 1711(2); *Perez v. Jupada Enterprises, Inc.,* 10 Civ. 3118, 2012 U.S. Dist. LEXIS 103783, *4 (S.D.N.Y. July 25, 2012) (ordering *sua sponte* over the plaintiffs' objections that CAFA notice provisions must be complied with in wage and hour class action before final order could be entered).

Under 28 U.S.C. § 1715(d), "an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)." In addition, under 28 U.S.C. § 1715(e), "a class member may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection (b) has not been provided."

Defendants do not concede that these CAFA notice provisions apply to this action. But defendants recognize that there is a significant risk that these provisions could be held applicable, which could jeopardize the validity and enforceability of the Final Settlement Order.

*Response to Plaintiff's Request for Attorney's Fees*

The plaintiffs' request for attorneys' fees below is baseless. Under Section 3.1(C) of the Settlement Agreement, the defendants have until January 16, 2015 to make the Gross Settlement Payment. (Doc. No. 30-1). This date has not passed and nothing in Section3.1(D) supports the plaintiffs' contention that they are entitled to fees for objecting to the defendants' current application. Plaintiff's counsel is further already receiving ample compensation. So, there is no legal or equitable basis to award them yet additional fees.

---

[1] In most cases, the appropriate Federal official is the Attorney General of the United States. 28 U.S.C.. 1715(1)(A). The appropriate State official is generally the "person in the State who has the primary regulatory or supervisory responsibilities with respect to the defendant" or other specified officials depending on the circumstances. 28 U.S.C.. 1715(1)(B).

Hon. Frederic Block
January 9, 2015
Page 3



*Relief Requested from Court*

To remedy any potential defect in the Final Settlement Order, defendants respectfully request that the Court enter an Order holding in abeyance the Final Settlement Order and staying all proceeding in the action for 95 days to allow for service of the requisite notices on the applicable Federal and State officials.  Once the 95-day notice period has expired without the Government or the State notifying the Court or the parties of an interest in the action, the Final Settlement Order should then be reinstated and deemed effective, with all remaining deadlines in the Joint Settlement Agreement and Release (Doc. No. 30-1) affecting payment and distribution of the settlement proceeds — which are based on the entry date of Final Settlement Agreement — running from the date of the Final Settlement Order's reinstatement.   As a demonstration of their good faith and interest in the final resolution of this matter, the defendants will further stipulate to depositing the Gross Settlement Payment required under the parties' settlement into escrow with the Claims Administrator by January 16 or three days after the Court issues the requested Order, whichever is later.

We submit that this approach is the most effective and efficient means of addressing any arguable defect in the Final Settlement Agreement.  It achieves compliance with CAFA's notice provisions by ensuring that the applicable Federal and State officials receive the full 90 days required under the statute to consider action with respect to the settlement before entry of the final Order.  It will further not require the Court or the parties to repeat any of the process that has previously been completed under Rule 23 in order to effectuate final settlement.  The requested relief merely entails a short delay in the distribution of the settlement proceeds, which is no means unusual in the class action context.

### **Plaintiffs' Position**

*Response to Defendants' Position*

Like Defendants, Plaintiffs do not concede that these CAFA notice provisions apply to this action, but argue that even if these provisions are held applicable, the validity and enforceability of the Final Settlement Order would not be in jeopardy.  As stated above, under 28 U.S.C. § 1715(e), the remedy for noncompliance with CAFA's notice requirement is to provide class members with the ability to refuse to comply with and choose not to be bound by the Settlement Agreement.  CAFA does not require notice to be sent in order for the Class Action Settlement Agreement to be enforceable.

After extensive research, we have not found any case where a Defendant's request to stay a proceeding for 95 days (or for that matter, any amount of time) after an order of final approval has been issued because a defendant failed to serve CAFA notice.  Allowing such a remedy would be an extreme prejudice to class members as they would be required to wait an additional 95 days to receive their settlement payments, in violation of the already agreed upon Settlement Agreement (Doc. # 30-1).  No Class Members appeared, nor objected, at the Fairness Hearing on December 23, 2014 to the terms of the Settlement Agreement.  Defendants also did

Hon. Frederic Block
January 9, 2015
Page 4



not object to the Court's Order Granting Final Approval of the Class Action Settlement. Moreover, at no point prior to final approval did Defendants' mention or request any additional time in order to send CAFA notice, until now.  Additionally, no class member objected to or opted out of the Settlement during the notice period.  To grant Defendants' request would undermine the purpose CAFA's noncompliance of notice section.  Thus, Defendants' argument that noncompliance with CAFA will make the Final Settlement Order invalid is without merit.

*Relief Requested from Court*

Plaintiffs respectfully request that the Court deny Defendants' request, enforce the Final Settlement Order as is, and if needed, find Defendants in breach of the Settlement Agreement, specifically Section 3.1, if they do not follow its terms and make the payment by January 16, 2015 (Doc. #30-1).  In the event that the Court grants Defendants' request, Plaintiffs respectfully request that the Court find Defendants' liable to Plaintiffs' for any and all attorneys' fees incurred in the continuation of this matter in addition to the amount already listed in the Settlement Agreement, pursuant to the Settlement Agreement, Section 3.1 (Doc. # 30-1).

Plaintiffs and Class Members do not wish to further postpone the payment to Class Members.  It was Defendants' obligation to follow CAFA's notice requirements and they failed to do so.  To allow Defendants' the ability to correct their mistake at the expense of Class Members, would cause an unfair delay in the receipt of Class Members' payments and cause Class Counsel to spend additional time and expense in litigating this matter.  Such a delay would not only be unfair in the case at hand, but would also set a negative precedent in which Defendants' failures to comply with CAFA's requirements would be acceptable, even after an order of final approval, which effect would be to delay payments in class action settlements.

### Conclusion

Thank you for your consideration.  We look forward to Court's guidance and assistance with these matters.

Respectfully yours,

**s/Joshua Feinstein**

Joshua Feinstein
Counsel for the defendants


Respectfully yours,

**s/Brian S. Schaffer**

Brian S. Schaffer
Counsel for the plaintiffs